UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANELLO FENCE, LLC, | Civil Action No. 13-3074 (DMC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| VCA SONS, INC., et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter having been opened by the Court *sua sponte* during the in-person case management conference in this matter on September 3, 2013; and the Court having expressed concern over the propriety of the joinder of Third Party Plaintiff Anello Brothers, Inc. ("Anello Brothers") without prior leave of the Court; and the Court having instructed the parties to submit further briefing on the issue; and Defendants/Third Party Plaintiffs having submitted a letter dated September 10, 2013 [Docket Entry No. 34]; and Plaintiff/Third Party Defendants having filed a response letter [Docket Entry No. 35]; and the Court having considered the positions of the parties; and for the reasons that follow, it is respectfully recommended that Anello Brothers, Inc. be DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

The Complaint in this matter was filed on May 14, 2013 by Plaintiff Anello Fence, LLC ("Plaintiff") against Defendants VCA Sons, INC. d/b/a Freedom Fence ("VCA"), Clipper

Magazine, Inc., and Shopper's Guide, LLC[1] alleging, *inter alia,* trademark infringement under 15 U.S.C. §§ 1114, 1125. [Docket Entry No. 1]. VCA answered Plaintiff's Complaint and additionally filed a counterclaim on behalf of itself and Anello Brothers as Third Party Plaintiffs. [Docket Entry No. 13]. The counterclaim was made against Plaintiff, as well as Steven S. Anello, Plaintiff's principal, and Mark J. Ingber, Esq., attorney for Plaintiff (collectively, "Third Party Defendants"). *Id.* The Third Party Defendants responded to the counterclaim by filing a motion to dismiss and a motion for sanctions. [Docket Entry Nos. 18, 19].

On September 3, 2013, the Court held a conference with the parties to discuss the status of this matter. During the hearing the Court expressed its skepticism about the propriety of Anello Brothers becoming a party to this action without prior leave of the Court and requested that counsel for Third Party Plaintiffs, Jay R. McDaniel, Esq., provide the Court with justification for the joinder.

> THE COURT: Well, here's a question for you. The action was brought against VCA, Freedom, and Clipper magazine, and then somehow in the counterclaim plaintiff[] Anello Brothers shows up.
> MR. MCDANIEL: Right.
> THE COURT: How do they show up without a motion to intervene?
> MR. MCDANIEL: My research indicates that there is -- it's not necessary- -- they can be joined as plaintiff without a motion at that stage, because they're an interested -- they would be subject -- obviously, the other side could -- could object to the joinder of the plaintiff, but I don't believe -- I looked at it. I don't believe that a motion is required.
> THE COURT: I think you proceed in that regard at your own peril. I think the rules make it fairly clear. I -- what -- what cases do you have for that proposition that you can just file a third-party complaint by a party that's not a -- that's not a part of the litigation to start?
> MR. MCDANIEL: I can -- I can send -- I can pull the cases and send them in to Your Honor. I mean, I did come prepared to discuss that today. It has been raised previously. But I'd be pleased to do that.

*See* Transcript of Sept. 3, 2013 Hearing at 24:19-25:16; Docket Entry No. 39.

---

1 The Court notes that Defendant Clipper Magazine, Inc. was dismissed from this action by way of consent order dated August 21, 2013 [Docket Entry No. 24]. The Court further notes that the entry of default was made as to Defendant Shopper's Guide, LLC on August 23, 2013 and Plaintiff subsequently moved for default judgment [Docket Entry No. 29]. That motion is still pending.

The Court has received the submissions of the parties. Third Party Plaintiffs argue that Anello Brothers was properly joined to this action under Federal Rules of Civil Procedure 13, 19 and 20, as none of these rules require that a motion need be made. [Docket Entry No. 34 at 1]. As such, Third Party Plaintiffs submit that, under these rules, "[t]he presence of Anello Brothers, Inc…could be accomplished at the pleading stage without leave of court pursuant to Rule 13(h)." *Id.* at 3. Additionally, Third Party Plaintiffs cite to case law which holds that Rule 13(h)[2] gives the court "broad power to join additional parties[.]" *See FDIC v. Bathgate,* 27 F.3d 850, 873 (3d Cir. 1994). Third Party Plaintiffs further claim that joinder is appropriate under Rule 14 which states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED.R.CIV.P. 14(a)(1). Lastly, Third Party Plaintiffs note that the Court may drop ay party at any time if it should find misjoinder.

Third Party Defendants responded to this letter, claiming that a motion to intervene was required under Rule 24, as Anello Brothers was never a defendant to this case. Third Party Defendants argue that "[i]ntervention occurs when a non-party seeks to introduce itself into the litigation. In contrast, joinder occurs when an original party to any given litigation reaches out to pull an outside party into the case." [Docket Entry No. 35 at 1] (emphasis omitted). In contrast to Rules 13, 19 and 20, Third Party Defendants note that Rule 24 does require a motion in order to intervene in a matter. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 24 governs intervention. In pertinent part, Rule 24

---

2 "**Joining Additional Parties.** Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." FED.R.CIV.P. 13(h).

provides that:

> (a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>   1) is given an unconditional right to intervene by federal statute; or
>   2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) **Permissive Intervention.**
>   1) *In General.* On timely motion, the court may permit anyone to intervene who:
>       A. is given a conditional right to intervene by a federal statute; or
>       B. has a claim or defense that shares with the main action a common question of law or fact.

FED.R.CIV.P. 24.

In contrast, Rules 19 and 20 allow for joinder without the need for a motion. Rule 19 governs compulsory joinder and provides that:

> (a) **Persons Required to Be Joined if Feasible**
>   1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>       A. in that person's absence, the court cannot accord complete relief among existing parties; or
>       B. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>           i. as a practical matter impair or impede the person's ability to protect the interest; or
>           ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED.R.CIV.P. 19.

Juxtaposed to Rule 19 is Rule 20 which controls permissive joinder. Under Rule 20:

> (a) **Persons Who May Join or Be Joined**
>   …
>   2. *Defendants.* Persons…may be joined in one action as defendants if:

4

> A. any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> B. any question of law or fact common to all defendants will arise in the action.

FED.R.CIV.P. 20.

The Court finds that the applicable rule in this case is Rule 24. Anello Brothers was not an original party to this litigation, nor was it brought in by another party. The Court finds that Rules 19 and 20 are applicable to original parties who are seeking to join additional parties and for which no motion is explicitly required. Moreover, the Court finds that VCA cannot bring in Anello Brothers as a co-Third Party Plaintiff under either Rule 14 or Rule 20. Those rules pertain to defendants who wish to bring in additional parties for the purpose of asserting claims *against* them and not *with* them. Obviously, VCA is not asserting any claims against Anello Brothers, as they have raised no such claims in the counterclaim and both parties are represented by the same counsel. Indeed, the Court finds Third Party Defendants are correct in asserting that Anello Brothers is a non-party who wishes to introduce itself into the present litigation. In this regard, Rule 24 is the appropriate avenue by which to do so.

Pursuant to Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED.R.CIV.P. 21. Because the Court finds that Anello Brothers was improperly joined in this action for failure to file a motion to intervene, the Court shall recommend its dismissal from this action to the District Court.

## **CONCLUSION**

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 15th day of November, 2013,

RECOMMENDED that Anello Brothers, Inc. be DISMISSED WITHOUT PREJUDICE from this action pursuant to FED.R.CIV.P.21.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**