NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANELLO FENCE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VCA SONS, INC. d/b/a FREEDOM FENCE, *et al.*,<br><br>　　　　　Defendant. | Civil Action No.: 13-3074 (CCC-JBC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.　INTRODUCTION

This matter comes before the Court on a motion of Plaintiff Anello Fence, LLC ("Plaintiff" or "Anello Fence") and Third-Party Defendant Salvatore Steven Anello ("Steven Anello") (collectively, "Movants") to dismiss the Amended Counterclaims and Third Party Complaint[1] of Defendant VCA Sons, Inc. ("Defendant" or "VCA") and alternatively to strike portions of the Amended Counterclaims and Third Party Complaint. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[2] Having considered the parties' submissions and for the reasons set forth below, the Court grants in part and denies in part the motion to dismiss and the Court denies the alternative motion to strike.

---

[1] The Amended Counterclaims and Third Party Complaint will be collectively referred to as the "Amended Answer." The Amended Answer is ECF No. 59.

[2] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II.     BACKGROUND

This case contains a detailed procedural and factual history, which stems from a family dispute over business matters having to do with the outdoor fence business in northern New Jersey. In 1963, two brothers, Vincenzo Anello, Sr. and Emilio Anello, Sr. began operating an outdoor fence company called Anello Brothers, Inc. The parties in this litigation are outdoor fence companies operated by their children. Plaintiff Anello Fence is owned and operated by Emilia Anello, Sr.'s son, Steven Anello. Defendant VCA is owned and operated by the four sons of Vincenzo Anello, Sr. (*See generally* ECF No 70-2 at 1-2; ECF No. 78 at 4-5.)

Plaintiff Anello Fence owns certain U.S. Federal Trademark Registrations for both literal and stylized trademarks relating to the name "Anello." (Amended Answer ¶¶ 27, 33, 36.) On May 15, 2013, Plaintiff filed the Complaint against Defendant asserting causes of action for trademark infringement, misrepresentation, false designation of origin, contributory trademark infringement, false advertising, unfair competition, unjust enrichment, and tortious interference with prospective business advantage. (ECF No. 1.)

On July 3, 2013, Defendant filed an Answer. (ECF No. 13.) The Answer included counterclaims and a third party complaint brought by Defendant VCA and third party plaintiff Anello Brothers, Inc. against Plaintiff Anello Fence and third party defendants Steven Anello and Mark J. Ingber, Esq. (ECF No. 13 at 13.)

On November 15, 2013, Magistrate Judge James Clark issued a Report and Recommendation that third party plaintiff Anello Brothers, Inc. be dismissed from the case without prejudice. (ECF No. 45.) Anello Brothers, Inc. did not object to Judge Clark's Report and Recommendation. (ECF No. 46.) On March 14, 2014, this Court adopted the Report and

Recommendation and ordered that third party plaintiff Anello Brothers, Inc. be dismissed from the case without prejudice. (ECF No. 50.)

On March 27, 2014, for the purpose of clarifying the record after Anello Brothers, Inc. was dismissed from the case, this Court dismissed Defendants' counterclaims and third party complaint without prejudice and ordered Defendant VCA to file amended counterclaims and third party claims, which were to include "only counts relevant to VCA Sons, Inc." (ECF No. 52.) On May 6, 2014, Defendant VCA filed its Amended Answer, containing four counterclaims and third party claims against Plaintiff and Third Party Defendant Steven Anello.[3] The four counts are: (1) cancellation of trademark registrations; (2) false advertising; (3) cybersquatting; and (4) unfair competition.

Movants have moved to dismiss the Amended Answer's counterclaims and third party claims under Federal Rule of Civil Procedure 41(b) on the basis that they fail to comply with this Court's March 27, 2014 order and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Movants have moved to strike allegedly defamatory allegations made against former third party defendant Mark J. Ingber, Esq. pursuant to Rule 12(f).

### III. LEGAL STANDARD

#### A. Motion to Dismiss

##### i. Rule 41(b)

Rule 41(b) allows a defendant to move to dismiss claims if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). The Third Circuit has noted that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or

---

[3] Former third party defendant Mark J. Ingber, Esq. was not included as a third party defendant in the Amended Answer. Subsequently, Mr. Ingber was dismissed as a party in the case.

contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984). Courts generally consider the factors outlined in *Poulis* in determining whether dismissal is warranted. These factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and (6) the meritoriousness of the claim. *Id.* at 868. The Third Circuit reviews dismissals under Rule 41(b) for abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).

### ii. Rule 12(b)(6)

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant material, impertinent, or scandalous matter. The court may act:

4

> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *FTC v. Hope Now Modifications, LLC*, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, at *4-5, (D.N.J. Mar. 10, 2011). "The successful motion to strike is granted to 'save time and expense' by clearing away pleadings 'which will not have any possible bearing on the outcome of the litigation.'" *Id.* (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). Additionally, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* (citing *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).

## IV. DISCUSSION

### A. Movants' motion pursuant to Rule 41(b) is denied.

Movants contend that Defendant's Counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Defendant failed to comply with this Court's March 27, 2014 Order. The March 27, 2014 Order instructed Defendant to include only counts relevant to VCA Sons, Inc., and to remove all counts relevant to the dismissed intervening party, Anello Brothers, Inc. Movants cite the number of times that "Anello Brothers, Inc." is mentioned in the Amended Answer as evidence that Defendant failed to comply with the Court's March 27, 2014 Order. (*E.g.*, Movants Opening Br. at 4.)

Because it is clear to the Court that Defendant did comply with the March 27, 2014 Order, the analysis goes no further. The March 27, 2014 Order did not instruct Defendant to omit factual allegations relevant to its claims for relief merely because those factual allegations involved Anello

5

Brothers, Inc. Indeed, each time the Amended Answer mentions Anello Brothers, Inc., it properly does so as part of a factual allegation in support of a well-pleaded claim for relief.

Defendant's references to Anello Brothers, Inc. in the Amended Answer relate to alleged fraudulent misrepresentations made by Plaintiff to the Patent and Trademark Office ("PTO") about Anello Brothers, Inc. Plaintiff's Complaint brings a cause of action for trademark infringement. (*See generally* Compl.) Defendant, in its Amended Answer, has asserted as an affirmative defense and a counterclaim[4] that Plaintiff's claims are barred because Plaintiff committed fraud on the Patent and Trademark Office ("PTO") in the process of procuring those registrations. (*Id.*)

Movants do not suggest that Defendant lacks standing to assert a trademark cancellation counterclaim in an answer to a trademark infringement allegation. Defendant's cancellation counterclaim is grounded in the statutory authority of this Court to cancel the registration under 15 U.S.C. § 1119. Movants instead argue that, because the facts supporting the cancellation counterclaim include statements about Anello Brothers, Inc. made by Plaintiff to the PTO, the Amended Answer is in violation of this Court's March 27, 2014 Order instructing Defendant to only bring counts on behalf of VCA. Movants' argument is unavailing because factual statements about Anello Brothers, Inc. support Defendant's affirmative defense and cancellation counterclaim that the trademark registrations were fraudulently procured. These statements are not separate causes of action being brought by Anello Brothers, Inc. Therefore, Movants' motion under Rule 41(b) is denied.

---

[4] The counterclaim (the "cancellation counterclaim") is for cancellation of Plaintiff's trademark registrations on the basis of the fraud.

6

### B. Movants' motion to dismiss individual third party defendant Steven Anello is granted.

The parties' arguments[5] only address Third Party Defendant Steven Anello's potential liability for defrauding the PTO (in connection with Count I of the Amended Answer). However, the Amended Answer contains numerous allegations against Steven Anello for all counts, including false advertising, cybersquatting, and unfair competition. The relevant question, therefore, is whether the Amended Answer alleges facts sufficient to show that Defendant has a plausible claim for piercing the corporate veil and reaching Steven Anello in his individual capacity for activities that he conducted in connection with his outdoor fence business.

In analyzing a pleading, the Court begins with "the fundamental propositions that a corporation is a separate entity from its shareholders, . . . and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." *Ohai v. Verizon Communs., Inc.*, No. 05-729, 2005 U.S. Dist. LEXIS 25703, at *23, (D.N.J. Oct. 24, 2005) (quoting *State Dep't of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 500-01 (1983)). To assert a cause of action for the equitable remedy of piercing the corporate veil in New Jersey, the pleading must allege two elements "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would

---

[5] Movants contend that Third Party Defendant Steven Anello is protected by a litigation privilege from liability in his individual capacity for fraud on the PTO because all statements made by Steven Anello were made in his official capacity as president of Anello Fence and relied upon by counsel to the PTO as part of a quasi judicial proceeding to obtain a trademark registration. (ECF No. 70-2 at 12.) Defendant's two arguments in response (that the litigation privilege is a state privilege and that the litigation privilege cannot be reconciled with the right to challenge trademarks on the basis of fraud) are unpersuasive. While Defendant has the statutory right to challenge Plaintiff's registration, it does not extend to a right to sue Steven Anello in his individual capacity for statements he made to the PTO.

sanction a fraud or promote injustice." *Holzli v. Deluca Enters.*, No. 11-6148, 2012 U.S. Dist. LEXIS 38880, at *4 (D.N.J. Mar. 21, 2012) (internal citation omitted). Because the Amended Answer does not plead facts to support these elements, the counterclaims will be dismissed as to Third Party Defendant Steven Anello.

### C. Movants' motion pursuant to Rule 12(b)(6) is denied.

#### i. Count I – Cancellation of Trademark Registrations

Count I of the counterclaims in the Amended Answer asserts a claim for cancellation of trademark registrations based on a number of legal theories, only one of which is fraud on the PTO. Movants have only moved for dismissal of the particular legal theory of fraud. Movants cite no precedent indicating that a motion under Rule 12(b)(6) is the proper mechanism for the relief they seek. *Cf. Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (noting that a claim should not be dismissed for imperfect statements of the legal theory supporting the claim). Notwithstanding, the Court finds that the Amended Answer sufficiently pleads the legal theory of fraud on the PTO.[6]

"To state a claim for fraud, Defendant must plead with particularity, Fed. R. Civ. P. 9(b), that (1) Plaintiff made a false representation of material fact to the PTO; (2) Plaintiff had actual knowledge or belief that the representation was false; (3) Plaintiff had intent to induce the PTO to rely on such representation; (4) the PTO actually relied on such representation; and (5) damages resulted from PTO's reliance." *Nonpareil Corp. v. Reddy Raw, Inc.*, No. 08-2091, 2010 U.S. Dist. LEXIS 131005, at *2-3 (D.N.J. Dec. 9, 2010). Moreover, "[t]he particularity standard of Rule 9(b)

---

[6] To the extent this aspect of Movants' motion is more properly addressed as a motion to strike under Rule 12(f), the Court finds that the fraud defense does not meet the standard for striking matter from a pleading, especially in light of motions to strike being "highly disfavored." *See Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *4-5.

has been applied to require more than vague allegations of fraud and deception, and to instead . . . specify the time, place and content of any alleged misrepresentations to the PTO." *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 428 (D.N.J. 2009)

In this case, Defendant's Amended Answer pleads the specific misrepresentations made, including the particular applications and the circumstances of the misrepresentations. (*See* ECF No. 59 ¶¶ 25-36, 46, 53.) Additionally, the Amended Answer pleads knowledge of the falsity of the misrepresentation and intent to induce the PTO to rely on the misrepresentations. (*Id.* ¶¶ 47, 54.) And the Amended Answer pleads that the PTO would not have issued the registrations without the fraud. (*Id.* ¶ 55.)[7] The Court agrees with Defendant that Movants have merely disputed the accuracy of the factual assertions of the Amended Answer. On a motion to dismiss, this Court must view the facts and make inferences in a light favorable to the non-moving party, which in this case is Defendant. Therefore, on this record, the Court will not dismiss the fraud theory of the cancellation counterclaim.

    ii. Count II – False Advertising

Movants move to dismiss Count II for failure to state a claim for false advertising. The parties' dispute over the relevant pleading standard for a false advertising claim is of no consequence because the Court finds that the Amended Answer satisfies even a heightened pleading standard.

The elements of a false advertising claim under the Section 43(a) of the Lanham Act are:

> (1) the defendant made false or misleading statements about the plaintiff's [or his own] product; (2) there is actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to

---

[7] Although neither party addressed the fifth element, the Court finds it sufficient that Plaintiff brought a claim seeking damages from Defendant for trademark infringement. The sought damages constitute the harm suffered.

influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff.

*Pharmacia Corp. v. GlaxoSmith Kline Consumer Healthcare, L.P.*, 292 F. Supp. 2d 594, 598 (D.N.J. 2003) (quoting *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 171 (3d Cir. 2001)). Movants argue that Defendant has not pleaded scienter and makes only vague factual allegations chiefly connected to non-party Anello Brothers, Inc. (*See* ECF 70-2 at 17-19.)

The *Pharmacia* court, in its quote of the Third Circuit's *Highmark* decision, added the phrase "or his own" before "product." *See Pharmacia*, 292 F. Supp. 2d. at 598. Thus, it is not only derogatory statements about another's product that can result in liability for false advertising. Misleading statements about one's own product can be sufficient if they cause harm to another.

Defendant admits that its false advertising allegations are not directed to any negative statements that Plaintiff Anello Fence made about Defendant VCA's product. (*See* ECF No. 78 at 12.) Rather, Defendant alleges that it has been and will be injured by Plaintiff Anello Fence's statements about its own products. Specifically, Defendant alleges that Plaintiff misrepresented its product as the product of non-party Anello Brothers, Inc, which has caused injury to Defendant VCA. (ECF No. 59 ¶¶ 37-39, 59.) Because those allegations have been pleaded with particularity, the false advertising counterclaim will not be dismissed.

    iii. Count III - Cybersquatting

A cause of action for cybersquatting originates from the Lanham Act:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> (ii) registers, traffics in, or uses a domain name that—
>     (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar

10

      to that mark;
        (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
        (III) is a trademark, word, or name protected by reason.

  Movants argue (based on the words "at the time of registration of the domain name" in the statute) that there must be some pleading about the date of registration of the domain name. The Court does not read the statute that way. As the Court reads the statute, a person can be liable for using a domain name that was registered while there was an identical or confusingly similar trademark.[8] *See* 15 U.S.C. § 1125(d)(1)(A)(ii).

  The Amended Answer pleads that Defendant VCA "owns the 'A Decorative Fence' mark (ECF No. 59 ¶ 65), that Plaintiff Anello Fence "own[s] the domain name www.adecorativefence.com" (ECF No. 59 ¶ 66), and that Plaintiff Anello Fence uses the domain name to "redirect to [Plaintiff Anello Fence's] website, www.anellofence.com." (ECF No. 59 ¶ 67.) These allegations are sufficient to support the reasonable inference that "a decorative fence" was a distinctive mark at the time that "www.adecorativfence.com" was registered as a domain name.[9] The Court therefore finds that the factual allegations and reasonable inferences satisfy the pleading standard for cybersquatting and the cybersquatting counterclaim will not be dismissed.

      iv. Count IV - New Jersey Unfair Competition

  Movants and Defendant agree that the elements of the New Jersey unfair competition claim under N.J.S.A § 56:4-1 are the same as the elements of the Section 43(a) claim under the Lanham Act as stated above. *See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d

---

[8] The statute's recitation of a "distinctive" mark appears to be related to the very nature of trademark ownership.

[9] On a motion to dismiss, the Court must make all reasonable inferences in favor of the non-moving party. *Phillips*, 515 F.3d at 231.

552, 560-61 (D.N.J. 2002). Movants allege that the pleading is deficient with respect to the unfair competition claim.

While the PTO's granting of a trademark registration to Plaintiff Anello Fence is presumptively valid, that presumption does not preclude any and all lawsuits against Plaintiff for unfair competition which inherently challenge the validity of those marks. Rather, that presumption may be used by Plaintiff as evidence in support of its defenses to the allegations that the marks are invalid. At this stage, Defendant has satisfied the pleading standard for the state law unfair competition claim just as he has for the false advertising claim. Therefore, the unfair competition claim will not be dismissed.

### D. Movants' motion to strike is denied.

The final portion of Movants' brief is directed to its motion to strike allegedly "defamatory allegations made against undersigned counsel." (*See* ECF No. 70-2 at 22.) The Court will deny that motion.

Defendant has raised legitimate defenses and counterclaims based on allegations of fraud committed against the PTO. The allegations are based on the record of proceedings before the PTO, including certifications filed by Mr. Mark J. Ingber, Esq., who represented Plaintiff in the PTO proceedings. Mr. Ingber's statements to the PTO are highly relevant to the counterclaims Defendant has asserted.

Mr. Ingber also represents Plaintiff in this litigation and has moved to strike allegations about his statements to the PTO. However, this Court will not foreclose Defendant from asserting the facts relevant to its defenses and counterclaims merely because Plaintiff has chosen to hire the same attorney. While Mr. Ingber has been dismissed as a party because he is protected from personal liability in this matter, references to Mr. Ingber in the Amended Answer are proper. It is

therefore clear that Movants have not met their high burden on a motion to strike. The motion to strike is denied.

## V. CONCLUSION

Having reviewed the parties' submissions, the Court grants in part and denies in part Movants' motion. The Court grants the motion as to individual defendant Steven Anello and dismisses all allegations against individual defendant Steven Anello. The Court denies the remainder of Movants' motion. An appropriate Order accompanies this Opinion.

Dated: January 27, 2016

CLAIRE C. CECCHI, U.S.D.J.