Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
2125 Center Avenue, Suite 616
Fort Lee, New Jersey 07024
Tel: (201) 491-1464
Attorney for Plaintiff
ANELLO FENCE, LLC,

| | |
|---|---|
| ANELLO FENCE, LLC, | : **UNITED STATES DISTRICT COURT** |
| | : **DISTRICT OF NEW JERSEY** |
| | : |
| Plaintiff, | : **Civil Action No. 13-3074 (JMV)(JBC)** |
| | : |
| v. | : |
| | : |
| | : **PLAINTIFF'S MOTION FOR** |
| VCA SONS, INC d/b/a FREEDOM FENCE, et al, | : **RECONSIDERATION OF COURT'S** |
| | : **DECISION ON THE MOTION FOR** |
| Defendant. | : **SUMMARY JUDGMENT, FOR LEAVE TO** |
| | : **CONDUCT DISCOVERY ON THE ISSUE OF** |
| | **DEFENDANTS' FRAUD ON THIS COURT** |
| | **THROUGH THEIR SUBMISSION OF A** |
| | **FAKE AND DOCTORED EVIDENCE, AND** |
| | **FOR SANCTIONS AGAINST THE** |
| | **DEFENDANTS FOR COMMITTING FRAUD** |
| | **ON THIS COURT** |

**TO:**   Jay R. Daniel, Esq.
Weiner Law Group LLP
629 Parsippany Road
Parsippany, NJ 07054

Jerald Francis Oleske, Esq.
Lebowitz, Oleske, Connahan & Kassar, LLC
26 Columbia Turnpike, Suite 105
Florham Park, NJ 07932

Plaintiff, Anello Fence, LLC, ("Anello Fence") hereby moves for reconsideration of the

Court's Opinion (the "Opinion") and Order on Summary Judgment dated January 28, 2019 (the

"Order") as regards the claims of the assumed fraud and assumed invalidity of Plaintiff's

trademarks ANELLO (Reg. No. 3,988,606) and ANELLO FENCE (Reg. No. 4,425,251), for the

reasons of newly discovered evidence, which was not available at the time of the Court's

decision on Defendants' Summary Judgment Motion, and for the reason of Defendants' having

committed fraud on this Court by having submitted fake and doctored evidence in support of

their Summary Judgment Motion.

This motion for reconsideration is being filed within one (1) year of the date of the

decision in issue and is therefore timely.   FRCP 60(b), which reads as follows:

Rule 60. Relief from a Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**A.  Motion for Reconsideration – Defendant's Claim of Priority of ANELLO Trademark's First Use Being Earlier Than The First Use By Plaintiff Is Fraudulent**

Plaintiff respectfully submits that based on the newly discovered evidence before it and the prevailing authorities, the Court erred in reaching the Opinion and Order that Defendants began first using ANELLO mark prior to the first date of use by Plaintiffs.

According to the attached Declaration of Steve Anello, the sole owner of the Plaintiff Anello Fence LLC, Defendants submitted to this court a fabricated specimen of alleged use of the mark ANELLO allegedly dated the year 2005 (attached as Exhibit A to the Declaration of Steve Anello), in order to make it look as if the Defendants had been using the mark first, prior to the first date of use of the marks ANELLO and ANELLO FENCE by the Plaintiff. Defendants submitted the falsified ad to this Court as Document 134-15, page 2 of 2, Exhibit B, Filed 03/26/18.

Defendants knew that Plaintiff used the marks ANELLO and ANELLO FENCE since March 2007, and they fabricated an alleged Yellow Pages ad, as if it was placed in the year 2005,

which they presented to this Court as evidence in support of their Motion for Summary

Judgment, as supposedly a flyer that they allegedly distributed at shows or placed on car

windshields, or as Defendants typed up on the page with the doctored ad: "2005 Flyers Handed

Out at Shows, Conventions, Provided to Customers, Placed on Windshields" – Document 134-

15, page 2 of 2, Exhibit B, Filed 03/26/18. The fake ad that purports to be a year 2005 flyer

shows the wording on top of the alleged flyer that reads "Owned & Operated by Sal, Vincent Jr,

Christopher & Anthony Anello Sons", which wording Defendants added later by superimposing

it on their 2010, or maybe 2012, Yellow Pages ad for their company Freedom Fence. The

original 2010 Yellow Pages ad does not contain the wording "Owned & Operated by Sal,

Vincent Jr, Christopher & Anthony Anello Sons" .

Plaintiff hereby respectfully submits that that ad is a fake and is a doctored version of an ad

for Defendants' business Freedom Fence, not an ANELLO ad, which Defendants in fact placed

in the Yellow Pages not in 2005, but many years later, i.e., in about 2010 or 2012, i.e., or about

at least three (3) years later after Plaintiff's first date of use of its ANELLO and ANELLO

FENCE marks, i.e., March 2007.

It is respectfully requested that the Court reopen the discovery period in this matter in

order to allow a limited discovery on the above issue, in order to obtain from Defendants a copy

of their real 2010 Yellow Pages ad, and to obtain Defendants' alleged other 2005 ads, if those

exist, and of any and all of Defendants' ads that they may have been placing between the years

2004 and 2012, including Freedom Fence ads, and any Anello ads by Defendants, if any.

Plaintiff respectfully submits that Defendants had not been using the brand ANELLO in

their businesses, and had not been running any ads with ANELLO in them between

approximately 2004 and 2012, and that was the real reason why Defendants resorted to falsifying

their 2010 Yellow Pages ad in order to present it as supposedly a 2005 flyer, in order to falsely claim to this Court that their alleged use of ANELLO pre-dates supposedly Plaintiff's date of first use of its ANELLO and ANELLO FENCE marks. Thus, Defendants stooped so low as to perjure themselves in this Court by having submitted a fake ad, all in order to gain unfair advantage in this litigation, and in order to sway the opinion of this Court, and to get a Summary Judgment court order in their favor through deceit, lies and fraud on this Court.

According to Steve Anello's attached Declaration, he has recently found a real authentic Defendant's ad in the 2010 Yellow Pages (attached herewith as Exhibit B), which Defendants fabricated to read "Owned & Operated by Sal, Vincent Jr, Christopher & Anthony Anello Sons", which is not a flyer, but a Yellow Page ad that Defendants had apparently run back in 2010, and not in 2005 as Defendants falsely claimed in their fake evidence submission in support of their Summary Judgment motion.

Also attached as Exhibit C is a real color copy of Defendants' 2003-2004 Yellow Pages ad for Freedom Fence. Please note in the upper left corner the Freedom Fence logo – that is the old version of Defendants' Freedom Fence logo. It consists of a drawing showing a fence, a star and a flying eagle, the wings of which form two capital letters F.  Later on Defendants changed their eagle logo and in 2010 they already advertised Freedom Fence with their new logo – without the eagle in the drawing, but with two large inverted capital letters F.   Please also note the phone numbers in the 2003-20014 and 2010 (the doctored ad) ads. In the 2003-2004 Yellow pages ad with the old eagle logo Defendants list their contact phone number as 973-694-7707.  One can see that on the bottom of the page there is also another ad, i.e., an Anello Bros., Inc., ad, which is the ad for the company of the parents of the owners of the parties to this lawsuit: Vincenzo Anello Senior (the father of the owners of the Defendants company), and Emilio  Anello (the

father of Steve Anello the owner of the Plaintiff company). As you can see, Defendants did not advertise as Anello. They advertised their services as Freedom Fence, for the simple fact that their parents operated as Anello Bros., Inc., and as is shown below, in the words of Vincenzo Anello, Senior, he would never allow anyone, even his family members, to use the brand Anello on their fence business. Thus, it does not appear that it may have been possible that Defendants could operate as Anello back in 2003, 2004, or 2005, which they falsely claimed in their Summary Judgment Motion that they allegedly did operate as Anello, which they most likely did not.

While the 2003-2004 Yellow Pages ad by Freedom Fence lists Defendants' phone number is 973-694-7707 (Exhibit C), the alleged 2005 flyer (which is in fact the doctored Yellow Pages ad from 2010) lists Defendants' phone number as 973-694-7415. If by presenting the alleged 2005 flyer with a different phone number from the 2004 Yellow Pages ad, Defendants are effectively saying that they had changed their phone number in 2005, which is hardly believable, and the more likely explanation is probably the one where Defendants began using the new phone number much later, say, in 2010 or 2012. In that respect additional discovery is needed to ascertain what phone numbers Defendants used in their Yellow Pages ads each year between 2004 and 2012, which ads they used, and what those ads actually read, and whether or not anywhere in those ads there was advertisement by Defendants under the ANELLO brand or not.

Also attached as Exhibit D, attached a recently discovered by Plaintiff newspaper ad by Freedom Fence from the year 2011, which shows the new Freedom Fence logo – with two large letters F and without the eagle, i.e., Defendants' new logo, and the phone number of 973-694-7707. That means that Defendants back in 2011 were advertising the same phone number in their ads as back in 2003 and 2004.

It is not clear in what year Defendants began advertise their phone number 973-694-7415. It is not believable that Defendants would use one phone number in their ads from 2004 until 2011, 973-694-7707, but all of a sudden would allegedly use a different phone number back in the year 2005, i.e., 973-694-7415.

Therefore, additional discovery is needed to ascertain in what year Defendants used what ads with what Freedom Fence logo, old or new, and with what phone numbers, in order to prove that Defendants in fact submitted a fake doctored ad to this Court as evidence in support of their Motion for Summary Judgment.

Thus, Defendants committed perjury by submitting a doctored ad in evidence to this Court.

According to Steve Anello's Declaration, he has never seen a leaflet like Exhibit A on any window shields around his business or that of the Defendants', with both businesses being located just down the road from each other, i.e., a mere ¾ miles apart. .

According to Steve Anello's Declaration, Defendants ceased operating as Anello Sons in around 2003 or 2004, pursuant to a state court injunction and did not resume operating as Anello Sons until 2012, i.e., much later after March 2007 – the first date of use of the marks ANELLO and ANELLO FENCE by the Plaintiff.

Defendants either had abandoned the use of their ANELLO mark, through non-use, or were precluded from using it through a State Court injunction, or both, between 2004 and 2011 or 2012. It appears that Defendants and their father Vincenzo Senior got back in business together and began to operate as Anello Brothers only in 2012, i.e., 5 years after the first date of use of the Plaintiff of its ANELLO and ANELLO FENCE marks.  There is a presumption of abandonment of a mark if a mark owner has not been using it for more that three years. If the mark has not been in use for three consecutive years and the owner has done nothing to try to

resume use of the mark, the USPTO may presume that the owner has abandoned the mark. 15 U.S.C. §1127; *see Imperial Tobacco Ltd. v. Phillip Morris Inc.*, 899 F.2d 1575, 14 USPQ2d 1390 (Fed. Cir. 1990); *Yazhong Investing Ltd. v. Multi-Media Tech. Ventures, Ltd.*, 126 USPQ2d 1526, 1533 (TTAB 2018); *Exec. Coach Builders, Inc. v. SPV Coach Co.*, 123 USPQ2d 1175 (TTAB 2017); *Stromgren Supports Inc. v. Bike Athletic Co.*, 43 USPQ2d 1100 (TTAB 1997).

Thus, Defendants had abandoned any and all rights that they may have had in the ANELLO mark which they may have had back in 2003, and have lost all trademark rights in ANELLO by failing to use the mark in commerce between 2004 and 2012, which period is longer than the requisite three (3) years.

Plaintiff, in the meantime, has been using ANELLO and ANELLO FENCE marks continuously in commerce since March of 2007 and continues to use both marks ANELLO and ANELLO FENCE in commerce at the present time.

Therefore, Defendants have no trademark rights in the ANELLO mark, because Plaintiff has prior, senior and superior rights in the ANELLO mark and in the ANELLO FENCE mark. Thus, if Defendants are or having been using the ANELLO mark on fences, they have been doing it in violation of Plaintiff's senior trademark rights, and Defendants need to be stopped and enjoined from using the mark ANELLO for the above reasons, in order to stop them from infringing on Plaintiff's trademarks.

Attached as Exhibit F is a transcript from a deposition dated November 30, 2009, in a previous state litigation case between the parties, where Defendants, namely, principals of VCA Sons, Inc., admitted that they had abandoned use of the mark ANELLO in 2003. Salvatore Anello, who is the President of VCA Sons, Inc., i.e., the Defendants in this case, (see the attached deposition on Page 6), says on Page 6 of the attached transcript of the deposition that

they operated as VSA Sons since 2004. He does not say that they were operating as ANELLO back in 2004. That means that Defendants did NOT operate under the ANELLO brand, despite their assertions to the contrary in the present lawsuit. On Page 36 of the same deposition transcript Salvatore Anello says that they had an ad in Yellow Pages as "Freedom Fence, owned and operated by Anello sons", and that the "court mandated that we had to cease using that number because it said Anello in there, until the advertisement was no longer – once we stopped using that". On Page 42 Salvatore Anello says in response to a question whether he knows if Anello Brothers is still operating "I do not know what they are doing, nor do I care anymore". On Page 43 he says "I am out of that company and it has nothing to do with me".

In his deposition, dated November 30, 2009, Vincenzo Anello, Jr., who is a Vice President of VCA Sons, Inc., on Page 6 confirmed that VCA Sons, Inc., was trading as Freedom Fence (Exhibit G), but he did not say that their company operated under the brand ANELLO. That means that Defendants did NOT operate under the ANELLO brand, despite their assertions to the contrary in this lawsuit .

In the deposition of Vincenzo Anello, Senior, dated July 19, 2010, (Exhibit H) who is one of the founders of Anello Brothers company along with his other brothers, including Steven Anello's father, on Pages 16 and 17, stated that he was upset that Steven Anello, the owner of the Plaintiff company in this suit, was using the brand ANELLO FENCE since April 2007, that he never expected Steven Anello to use the name ANELLO for his business; and that Vincenzo Anello, Senior would never allow anyone, including a family member, to use the name ANELLO for their business, because he had put in his lifetime's work into the Anello Brothers fence business:

> Page 17, Line 6: "So, I've put my whole life into this
> business, even though I'm the younger of three

brothers. It's a lifetime of work for me. Why
would I allow anyone, even -- whether family or
nonfamily to start using the name Anello, where it's
known in Northern New Jersey? I mean, why would I
give that right or allow anyone to use that name?
Myself -- my brothers have the name -- well, the
older brother we bought out. But, myself and my
brother, Emil, are already rightful owners, per se
of Anello Brothers, Incorporated. Why would I allow
anyone to start using the name Anello?"

Presumably, Vincenzo Anello, Sr., back in 2010 would not allow any of his family members to use the name ANELLO in respect of fence business, including his own family. Even though the Defendants are falsely claiming in this lawsuit that they had been using ANELLO in their fence business prior to 2010, while they clearly had not, as is shown further in this submission.

Therefore, the Court's conclusion of the priority of use of the mark ANELLO by Defendants over Plaintiffs is erroneous and the Order of January 28, 2019 must be vacated.

### B.  Court's Conclusion of Fraud on the Part of The Plaintiff is Erroneous

In the Summary Judgment Opinion, this Honorable Court erroneously concluded that by having stated the first use date for its ANELLO and ANELLO FENCE trademark registrations as April 1, 1963, Plaintiff committed fraud on the USPTO, and therefore, those registrations were presumably invalid and were ordered by the Court to be cancelled in its Order of January 28, 2019.

However, as is evidenced in the Exhibit I of Steve Anello's Declaration, which is a letter from his then attorney Mark J. Ingber to Judge Wilson of the New Jersey Superior Court in a previous separate state court proceeding, Steve Anello, who is the Owner of the Plaintiff company, did not commit fraud with respect to the first date of use of his company's trademarks,

but simply fell victim of incompetence and erroneous advice by his previous trademark lawyer Mark J. Ingber. In the letter to Court Mark J. Ingber erroneously argues that it is possible to use the trademark legal doctrine of tacking and to go back to the first date of use of the mark ANELLO by Steve's father, which is incorrect.

In his letter to the Court Ingber writes on Pages 4 and 5:

> "Steven Anello was rightfully able to "tack" the time the Anello mark had been first used in commerce, 1963, to his trademark application. Tacking allows a party to include (or tack on), for priority of use purposes, the time it used an earlier and similar, but technically distinct, mark.  Van Dyne-Crotty, Inc. v. Wear-Guard Corp., 926 F.2d 1156, 1159, 17 USPQ2d 1866, 1868 (Fed. Cir. 1991) (regarding "tacking" with reference to prior use of a legally equivalent mark)."

Ingber misinterpreted the law on the "tacking" doctrine. He failed to realize that in order to avail itself of the "tacking" doctrine, a trademark owner must be the original owner of the earlier version of a trademark onto the first use of which it intends to tack a later, newer, version of the same trademark, or a successor in interest of the original trademark owner. See Hanna Financial v. Hanna Bank, 135 S.Ct. 907 (2015).  In the Hanna case Hana Bank could "tack" on to its earlier use of "Hana Overseas Korean Club", being the same owner of the two trademarks Similarly, in the Van Dyne-Crotty, Inc. v. Wear-Guard Corp. case, which Ingber cites in his letter, Van Dyne-Crotty, Inc., purchased the trademark in question from the original trademark owner, thus becoming a successor in interest.

This was not the case in the present case. Steve Anello was not a successor in interest to his father's Anello Brothers business. Steve Anello's father abandoned the use of the mark Anello Brothers several months before Steve Anello began using the marks ANELLO and

ANELLO FENCE by shutting down the Anello Brothers business in the Fall of 2006. Steve Anello's father did not transfer his portion of interest in the mark Anello Brothers to his son Steve.

Therefore, Steve Anello did not commit fraud, since it was his attorney Ingber's idea to use tacking to list the first date of use of Plaintiff's trademarks as April 1, 1963.

Even if the Plaintiff did erroneously state an incorrect earlier date of first use of the marks in commerce in its trademark applications, albeit on the legally incorrect instructions by his trademark attorney Ingber, according to the USPTO Trademark Manual of Examining Procedure § 1609.7, an amendment to correct use to a later date as long as that date predates the filing date of the application is permissible. In the case of Reg. No. 4425251 – the ANELLO FENCE trademark registration, the first use date has been amended to April 2007 by Plaintiff's current trademark attorney Stephen L. Baker by way of filing of a Section 7 Amendment (attached as Exhibit L). Please note that the actual first date of use of the mark by Plaintiff is March 2007, and it appears that Plaintiff's current trademark counsel, Mr. Stephen L. Baker may have made an inadvertent clerical mistake by listing April 2007 as the first date of use, but April 2007 is a later date after March 2007, i.e., the actual first date of use, so no damage to the registration has occurred, and no material misstatement in the Section 7 Amendment occurred either, since Plaintiff, having started using the mark ANELLO FENCE in commerce in March 2007 was obviously already using the mark in April 2007.

The Section 7 Amendment is permissible by law, because the amended first date of use in Section 7 Amendment is earlier than the actual filing date of the underlying application in Reg. No. 4425251, which filing date was March 21, 2013. That trademark registration for ANELLO FENCE is a valid one, because at the time of filing of the application the Plaintiff had already

had the requisite 5 years of use in commerce of the mark on fence between March 2007 and March 21, 2013.

Therefore, such Section 7 Amendment of the first date of use from April 1, 1963 to April 2007 is legally permissible, and the registration number 4425251must not be cancelled, and in that respect this Honorable Court's Order to that effect is erroneous and must be reversed and cancelled. In that respect, this Honorable Court erred in reaching a conclusion of alleged fraud on the part of Mr. Steve Anello.

Plaintiff requests that this Honorable Court's Opinion and Order on the Motion for Summary Judgment be vacated and that Defendants' Summary Judgment Motion be denied.

Plaintiff further requests that this Honorable Court allows limited discovery on the issue of Defendants' fraud on this Court for the reason of Defendants' submission of fake and doctored evidence to this Court, namely a doctored 2010 Yellow Pages ad that Defendants doctored, added additional text to the doctored version which was not present in the original 2010 ad, namely, "Owned & Operated by Sal, Vincent Jr, Christopher & Anthony Anello Sons", and presented that doctored copy to be allegedly a 2005 leaflet Defendants allege to have distributed on car windshields and at shows, which is a blatant falsehood by Defendants.

Plaintiff further requests that this Honorable Court impose sanctions on Defendants as it deems appropriate for the fraud that Defendants committed on this Honorable Court.

Dated:  April 14, 2019

Respectfully submitted

By:       /Sergei Orel/
          Sergei Orel
          2125 Center Avenue, Suite 616
          Fort Lee, New Jersey 07024
          Tel: (201) 491-1464
          *Attorney for the Plaintiff,*
          Anello Fence, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by ECF and first class mail to the attorneys of record for the Defendants, as follows:

Jay R. Daniel, Esq.
Weiner Law Group LLP
629 Parsippany Road
Parsippany, NJ 07054

Jerald Francis Oleske, Esq.
Lebowitz, Oleske, Connahan & Kassar, LLC
26 Columbia Turnpike, Suite 105
Florham Park, NJ 07932,

and to the other counsel for Plaintiff:

Stephen L. Baker, Esq.
Baker and Rannells PA
92 East Main Street, Suite 302
Somerville, NJ 08876

on this the 14th day of April, 2019.

/Sergei Orel/
Sergei Orel

Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
2125 Center Avenue, Suite 616
Fort Lee, New Jersey 07024
Tel: (201) 491-1464
Attorney for Plaintiff
ANELLO FENCE, LLC,

| | | |
|---|---|---|
| | : | **UNITED STATES DISTRICT COURT** |
| ANELLO FENCE, LLC, | : | **DISTRICT OF NEW JERSEY** |
| | : | |
| Plaintiff, | : | **Civil Action No. 13-3074 (JMV)(JBC)** |
| | : | |
| v. | : | |
| | : | **ORDER** |
| VCA SONS, INC d/b/a FREEDOM FENCE, et al, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

This Matter, having come before the Court on the Plaintiff's Motion for Reconsideration asking

this Court to vacate the Order and Opinion dated January 28, 2019 on Defendant's Motion for

Summary Judgment, and

It Appearing, upon argument of counsel and for good cause shown, that the Motion should be

granted,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is granted, and the Order

and Opinion dated January 28, 2019 on Defendant's Motion for Summary Judgment are hereby

vacated, and Summary Judgment is denied to Defendants;

IT IS HEREBY FURTHER ORDERED that Plaintiff is granted leave to conduct discovery

limited to the issue of Defendants having committed fraud on this Court by way of submitting

doctored and fake evidence in support of their Motion for Summary Judgment, namely by submitting a 2010 doctored Yellow Pages, where Defendant added text which was not in the original ad, i.e., "Owned & Operated by Sal, Vincent Jr, Christopher & Anthony Anello Sons", which doctored ad Defendants presented to the Court in evidence, i.e., Defendants alleged the fake doctored ad to be a leaflet they alleged to have distributed on car windshields and at shows in 2005.

IT IS HEREBY FURTHER ORDERED that the following sanctions be imposed on Defendants:

_____

_____.

IT IS HEREBY FURTHER ORDERED:

_____.

Entered this _____ day of _____ , 2019

By_____
John Michael Vazquez,
United States District Judge

Copies to:

Stephen L. Baker
**BAKER AND RANNELLS, PA**
92 East Main Street, Suite 302
Somerville, New Jersey 08876

Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
2125 Center Avenue, Suite 616
Fort Lee, New Jersey 07024

Counsel for Plaintiff


Jay R. Daniel, Esq.
Weiner Law Group LLP
629 Parsippany Road
Parsippany, NJ 07054

Jerald Francis Oleske, Esq.
Lebowitz, Oleske, Connahan & Kassar, LLC
26 Columbia Turnpike, Suite 105
Florham Park, NJ 07932

Counsel for Defendants