# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<u>**Not for Publication**</u>

|  |  |
|---|---|
| ANELLO FENCE, LLC, | |
| *Plaintiff,* | Civil Action No. 13-3074 |
| v. | (JMV) (JBC) |
| VCA SONS, INC. d/b/a FREEDOM FENCE, *et al.*, | **OPINION & ORDER** |
| *Defendants.* | |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter concerns a dispute over the use of a trademark in competing outdoor fencing businesses. D.E. 1. Currently pending before the Court is Plaintiff Anello Fence, LLC's motion for reconsideration, D.E. 170, of the Court's January 28, 2019 Opinion and Order, D.E. 155, 156, granting Defendant VCA's motions for summary judgment. Plaintiff filed the motion for reconsideration on April 14, 2019. D.E. 170. This motion for reconsideration was decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). The Court has considered the parties' submissions[1] and, for the reasons that follow, the Court denies Plaintiff's motion for reconsideration.

---

[1] Plaintiff's brief in support of his motion will be referred to as "Pl.'s Br." D.E. 170. Defendant's opposition to this motion will be referred to as "Def.'s Opp." D.E. 179. Plaintiff replied, D.E. 182, which he subsequently withdrew. D.E. 183. In any event, Local Civil Rule 7.1(d)(3) does not permit replies to motions of reconsideration absent the Court's permission, which the Court did not provide.

## I. BACKGROUND

The Court included an extensive factual background in its January 28, 2019 Opinion granting Defendant VCA's motions for summary judgment, D.E. 155, which the Court incorporates by reference here. On April 14, 2019, Plaintiff moved for reconsideration of the Court's finding that there was no genuine dispute of material fact that Plaintiff fraudulently procured his trademark and did not have priority use of the trademark. Pl.'s Br. at 3,10.

## II. STANDARD OF REVIEW & ANALYSIS

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Plaintiff's motion for reconsideration suffers from a number of infirmities. At the outset, Plaintiff seeks relief under the wrong rule. Plaintiff's motion for reconsideration is premised on Federal Rule of Civil Procedure 60(b). Pl.'s Br. at 2. However, Rule 60(b) "applies only to 'final' judgments and orders." *Penn W. Associates, Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)). Importantly, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." *Id.* (quoting *Aluminum Co. of Amer. v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir.1997)). Because claims remain unresolved in the present case, there is no final order pursuant to Rule 60(b), and therefore, Plaintiff may not seek relief under Rule 60(b).

However, even if the Court were to treat Plaintiff's motion as one made pursuant to Local Civil Rule 7.1(i), it is grossly out of time.[2]   As noted, the rule requires any motion for reconsideration to be made within fourteen days of the relevant order. The Court issued its Order on January 28, 2019. D.E. 156. Plaintiff did not file its motion for reconsideration until April 14, 2019. D.E. 170. Accordingly, Plaintiff has not complied with the time requirement, and the Court denies Plaintiff's motion for reconsideration as untimely. *See, e.g., Oriakhi v. Bureau of Prisons*, No. 07-264, 2009 WL 1874199, at *4 (D.N.J. June 29, 2009) ("An untimely filed motion for reconsideration 'may be denied for that reason alone'") (quoting *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996)); *see also Garrison v. Porch*, No. 04-1114, 2008 WL 1744730, at *2 (D.N.J. Apr. 11, 2008) ("[A] district court may deny a motion for reconsideration simply because it was filed beyond the [time] provided by [Local Civil] Rule 7.1(i)").

Finally, Plaintiff's motion also fails on the merits. As noted, there are three narrow grounds on which a motion for reconsideration may be granted. Plaintiff submits the following in support

---

[2] Plaintiff does not explain why his motion is untimely.

of his motion: (1) "newly discovered" evidence pertaining to Defendant VCA's first use of the name Anello[3]; (2) reliance on a prior "State Court injunction"; and (3) an argument that the Court's finding that Plaintiff obtained his trademarks through fraud should be vacated because any mistakes were due to the error of Plaintiff's then counsel. Pl.'s Br. at 4-13. The "newly discovered" evidence is actually historical information that Plaintiff knew, or should have known of, before the motions for summary judgment were decided.[4] As to any prior state injunction, the Court addressed the arguments at length in its Opinion, and finds them to be without merit. Finally, as to alleged erroneous illegal advice, the Court views such a claim with a jaundiced eye in light of the fact that Plaintiff admitted during his deposition that he never received a necessary assignment although he had previously claimed to have obtained one. Likewise, Plaintiff himself was well aware of the relevant facts. In any event, Plaintiff asks the Court to rely on new facts (his attorney's error), which were clearly available to him when the motion for summary judgment was decided several years after the alleged faulty advice. Plaintiff, however, did not raise those facts in his opposition to summary judgment. In short, Plaintiff fails to demonstrate an intervening change in the controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice.

---

[3] Plaintiff also asks the Court to "allow[] limited discovery on the issue of Defendants' fraud" and requests that the Court "impose sanctions on Defendants . . . for the fraud that [they] committed[.]" Pl.'s Br. at 4, 13. The Court declines both requests.

[4] For example, Plaintiff relies on historical advertisements by Defendant VCA. Yet, Plaintiff freely admits that "I know Defendants' ads in the Yellow Pages very well." D.E. 170-1 at 1 ¶ 3. Thus, by his own admission, Plaintiff should have been able to locate the relevant information during the discovery period in this case.

## III. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 4th day of October, 2019,

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 170, is **DENIED**.

JOHN MICHAEL VAZQUEZ, U.S.D.J.